[Cite as *Wooster Floral & Gifts, L.L.C. v. Green Thumb Floral & Garden Ctr., Inc.*, 2019-Ohio-63.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

WOOSTER FLORAL & GIFTS, LLC

    Appellant

    v.

GREEN THUMB FLORAL & GARDEN
CENTER, INC.

    Appellee

C.A. No.    17AP0026

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2016 CVC-H 000293

DECISION AND JOURNAL ENTRY

Dated: January 14, 2019

HENSAL, Judge.

{¶1}    Wooster Floral & Gifts, LLC appeals from the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2}    This appeal involves two competing floral shops in Wooster, Ohio, and their dispute over the domain name www.woosterfloral.com. We will begin our review with a brief recitation of the pertinent facts.

{¶3}    Kimberly Gantz owned and operated Wooster Floral, LLC beginning in the early 2000s. In late 2014, she decided to close her business. After announcing the store's closure, the store's manager, Katrina Heimberger, expressed interest in buying it from Ms. Gantz. The parties executed a contract of sale in January 2015. The contract indicated that Ms. Heimberger was "not purchasing the business," but rather certain assets, including the use of the name Wooster Floral. Thereafter, Ms. Heimberger filed and recorded articles of organization for

Wooster Floral & Gifts, LLC with the Ohio Secretary of State, as well as an assignment of the trade name "Wooster Floral LLC" to Ms. Heimberger, which Ms. Gantz had previously registered. Ms. Heimberger operated Wooster Floral & Gifts, LLC out of the same location that Wooster Floral, LLC had operated until she moved to a new location in mid-February. According to her, the store operated continuously during the transition. Ms. Gantz dissolved Wooster Floral, LLC in December 2015.

{¶4} There is no dispute that, while Ms. Gantz had previously owned the domain name www.woosterfloral.com, she did not own it at the time of the asset sale because she had let the registration lapse. Instead, Claudia Grimes – owner of Green Thumb Floral & Garden Center, Inc. ("Green Thumb") – owned the domain name at the time of the sale, which Ms. Grimes used to direct customers to Green Thumb's website: www.greenthumbfloralandgifts.com. Ms. Heimberger testified that she was aware that Green Thumb owned the domain name at the time of the asset sale.

{¶5} In June 2016, Wooster Floral & Gifts, LLC sued Green Thumb. In its complaint, Wooster Floral & Gifts, LLC asserted that: (1) Green Thumb's use of the trade name Wooster Floral in its advertising (i.e., via its use of www.woosterfloral.com) violated Revised Code Section 1329.65; (2) Wooster Floral & Gifts, LLC was entitled to an injunction prohibiting Green Thumb from using its trade name and requiring Green Thumb to surrender the domain name under Section 1329.66; (3) Green Thumb's use of the trade name in its advertising violated Section 4165.02(A)(2) of Ohio's Deceptive Trade Practices Act; (4) Wooster Floral & Gifts, LLC was entitled to an injunction prohibiting Green Thumb from using its trade name and requiring Green Thumb to surrender the domain name under Section 4165.03(A)(1); (5) Wooster Floral & Gifts, LLC was entitled to damages for lost revenue under Section 4165.03(A)(2); and

(6) Wooster Floral & Gifts, LLC was entitled to reasonable attorney's fees under Section 4165.03(B).

{¶6} The matter proceeded to a bench trial, and the trial court found in favor of Green Thumb. In doing so, the trial court held that Wooster Floral & Gifts, LLC's claims under Chapter 1329 failed because it did not have a registered trademark. Wooster Floral & Gifts, LLC has not challenged the trial court's ruling in that regard on appeal. Regarding Wooster Floral & Gifts, LLC's claims under Ohio's Deceptive Trade Practices Act, the trial court held that Green Thumb's advertising did not create a likelihood of confusion or misunderstanding as to the source of goods or services. Wooster Floral & Gifts, LLC challenges this holding on appeal, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE GREEN THUMB FLORAL & GARDEN CENTER, INC. ON PLAINTIFF-APPELLANT WOOSTER FLORAL & GIFTS, LLC'S CLAIMS FOR INJUNCTIVE RELIEF AND ATTORNEY'S FEES UNDER OHIO'S DECEPTIVE TRADE PRACTICES ACT (DTPA), R.C. 4165.01, ET SEQ.

{¶7} In its assignment of error, Wooster Floral & Gifts, LLC argues that the trial court erred when it granted judgment in favor of Green Thumb on its claims for injunctive relief and attorney's fees under Ohio's Deceptive Trade Practices Act. We disagree.

{¶8} The standard of proof necessary to prevail in an action for injunctive relief under R.C. 4165.03 is a showing of "likelihood of confusion" by clear and convincing evidence. *Cesare v. Work*, 36 Ohio App.3d 26, 29 (9th Dist.1987), citing *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642, 647 (6th Cir.1982); *Yocono's Restaurant v. Yocono*, 100 Ohio App.3d 11, 18 (9th Dist.1994). The trial court may award reasonable

attorney's fees to a prevailing party if it finds that the defendant "willfully engaged in a trade practice * * * knowing it to be deceptive." R.C. 4165.03(B).

{¶9} The basis of Wooster Floral & Gifts, LLC's claim under the Deceptive Trade Practices Act is that Green Thumb deceptively used the trade name Wooster Floral by using the domain name www.woosterfloral.com to direct customers to Green Thumb's website, creating a likelihood of confusion as to the source of the goods available on the website. Green Thumb, however, argues that Wooster Floral & Gifts, LLC cannot prevail because it did not exist at the time Green Thumb acquired the domain name.

{¶10} We begin by noting that "[t]he rights in * * * trade names * * * are acquired by actual use and not by registration. Such rights belong to the one who first actually adopts and uses the name or mark in connection with his business." *Younker v. Nationwide Mut. Ins. Co.*, 175 Ohio St. 1, 6 (1963). "The registration statutes merely implement the common-law rights and create certain procedural advantages." *Id.* at 6-7. According to Ms. Gantz, she began using the name Wooster Floral in 2000 and registered Wooster Floral, LLC at that time. In January 2015, Ms. Heimberger purchased "the personal assets, inventory and use of the name * * * Wooster Floral" from her. The following month, Ms. Heimberger filed articles of organization to create Wooster Floral & Gifts, LLC. She also filed an assignment of the trade name "Wooster Floral LLC" to herself. It does not appear to be disputed that Ms. Heimberger transferred the assets she had purchased from Ms. Gantz to the new company. There is also no evidence that Ms. Heimberger intended to abandon the "Wooster Floral" trade name during the time between when she purchased the name and organized Wooster Floral & Gifts, LLC. *See Cloverleaf Restaurants, Inc. v. Lenihan*, 79 Ohio App. 493, 495, 499 (8th Dist.1946) (finding a valid transfer of the right to use a trade name when plaintiff corporation "purchased the furniture,

fixtures, good will and right to the use of the name 'Pickwick'" from original corporation). We, therefore, do not agree with Green Thumb that Wooster Floral & Gifts, LLC may not seek to enjoin others from using the trade name "Wooster Floral."

{¶11} Accordingly, the issue is whether Green Thumb's use of the domain name "[c]auses likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services[.]" R.C. 4165.02(A)(2). Wooster Floral & Gifts, LLC argues that Green Thumb's use of the domain name is likely to cause confusion as to the source of the flowers ordered from the site. It argues that consumers who enter a specific business's name into a web browser expect to be directed to that business's website. It, therefore, argues that the analysis must focus on the point in time when a consumer types in the www.woosterfloral.com domain name, not at what a consumer sees after arriving at the website. It compares Green Thumb's use of its trade name in a domain name as the 21st century equivalent of placing a deceivingly similar newspaper advertisement or purposely providing an incorrect telephone number, citing *Patio Enclosures, Inc. v. Borchert*, 8th Dist. Cuyahoga No. 40592, 1980 WL 354611 (May 15, 1980) and *Kenneth J. Majcen & Assocs. v. Phoenix Assocs., Inc.*, 8th Dist. Cuyahoga No. 76454, 2001 WL 60038 (Jan. 18, 2001). It also argues that it does not have to demonstrate actual confusion so long as there is sufficient evidence of a likelihood of confusion. *Cesare*, 36 Ohio App.3d 26, at 29.

{¶12} The question under Section 4165.02(A)(2) is whether a customer who purchases goods while visiting www.woosterfloral.com is likely to be confused about or misunderstand the source of those goods. The trial court, therefore, did not err when it examined the website itself to determine whether a customer would likely be confused or have a misunderstanding. Our review of the evidence submitted by the parties confirms the trial court's finding that "[t]he

home page is clearly identified as 'Green Thumb Floral'" and that there is no use of the trade name "Wooster Floral" within the website. Wooster Floral & Gifts, LLC has not directed this Court to anything within the website that suggests that a consumer would likely be confused about which company is providing the goods for sale.

{¶13} Upon review of the record, we conclude that Wooster Floral & Gifts, LLC failed to demonstrate by clear and convincing evidence that Green Thumb's use of the domain name www.woosterfloral.com will cause a likelihood of confusion or misunderstanding as to the source of goods sold on the website. In light of Wooster Floral & Gifts, LLC's failure to establish that Green Thumb engaged in a deceptive trade practice, we also conclude that the trial court did not err when it declined to grant Wooster Floral & Gifts, LLC's request for attorney's fees. Wooster Floral & Gifts, LLC's assignment of error is overruled.

## III.

{¶14} Wooster Floral & Gifts, LLC's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS IN JUDGMENT ONLY.

CALLAHAN, J.
DISSENTING.

{¶15} I respectfully dissent from the majority's resolution of this matter and would reverse the decision of the trial court.

{¶16} "The Sixth Circuit has considered eight factors relevant to the likelihood of confusion: '1. strength of the plaintiff's mark; 2. relatedness of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing channels used; 6. likely degree of purchaser care; 7. defendant's intent in selecting the mark; [and] 8. likelihood of expansion of the product lines.'" (Internal quotation marks sic.) *Cesare v. Work*, 36 Ohio App.3d 26, 30 (9th Dist.1987), quoting *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642, 648 (6th Cir.1982).

{¶17} Upon consideration of these factors and the record in this case, I would conclude that Wooster Floral & Gifts has shown by clear and convincing evidence that Green Thumb's use of the internet domain name "woosterfloral.com" is an infringement on the trade name Wooster Floral that has a likelihood of causing confusion as to the source of the goods or

services. I would reverse the decision of the trial court and remand the matter for the trial court to enter a judgment in favor of Wooster Floral & Gifts enjoining Green Thumb from using the woosterfloral.com domain name and to consider Wooster Floral & Gifts' claims for money damages for lost revenue and attorney's fees.

APPEARANCES:

SUSAN M. AUDEY and MELISSA Z. KELLY, Attorneys at Law, for Appellant.

CRAIG R. REYNOLDS, Attorney at Law, for Appellee.